UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS O. SWANGIN, JR.,<br><br>**Plaintiff,**<br><br>v.<br><br>**PUBLIC SCHOOLS OF EDISON TOWNSHIP, et al.,**<br><br>**Defendants.** | Civil Action No. 07-1809 (GEB)<br><br>ORDER |

This matter having been opened to the Court upon Motion by Plaintiff's counsel ("Plaintiff") seeking an Order enforcing the subpoena served upon Ms. Tammy Lukacs, finding that Ms. Lukacs' failure to appear for her deposition amounts to contempt of Court, and awarding Plaintiff the attorneys' fees he incurred in filing the instant Motion [Docket Entry No. 14]; and Plaintiff arguing that on November 27, 2007, Ms. Lukacs was served with a subpoena directing her to appear for a deposition on December 10, 2007; and Plaintiff further arguing that on December 7, 2007 Ms. Lukacs' attorney, Mr. Gregory A. Stathis, contacted Plaintiff and requested an adjournment of Ms. Lukacs' deposition, which Plaintiff consented to; and Plaintiff further arguing that he informed Mr. Stathis that it was important to complete Ms. Lukacs' deposition because of the discovery schedule in this matter; and Plaintiff further arguing that he attempted to contact Mr. Stathis on several occasions to reschedule Ms. Lukacs' deposition, but that Mr. Stathis refused to return Plaintiff's calls; and Plaintiff further arguing that on January 7, 2008, he wrote to Mr. Stathis scheduling Ms. Lukacs' deposition for January 17, 2008; and Plaintiff further arguing that unbeknownst to him, counsel for Defendants agreed to adjourn Ms. Lukacs' January 17, 2008 deposition; and Plaintiff further arguing that he was not advised of this

adjournment until January 16, 2008, the day before Ms. Lukacs' deposition was supposed to occur; and Plaintiff further arguing that upon receiving notice of the adjournment, he immediately wrote to Mr. Stathis scheduling Ms. Lukacs' deposition for Monday, January 28, 2008; and Plaintiff further arguing that on Friday, January 25, 2008, Mr. Stathis' office cancelled Ms. Lukacs' deposition and Mr. Stathis refused to take Plaintiff's calls that day; and Plaintiff further arguing that he finally received a telephone call from Mr. Stathis on January 29, 2008; and Plaintiff further arguing that during that call, Mr. Stathis attempted to dissuade Plaintiff from deposing Ms. Lukacs; and Plaintiff further arguing that when it became clear that Plaintiff would not forgo the deposition of Ms. Lukacs, Mr. Stathis said that he would try to get back to Plaintiff within 24 hours with a mutually agreeable time and place to take Ms. Lukacs' deposition; and Plaintiff further arguing that at the end of this conversation, he informed Mr. Stathis that if he did not hear back from him regarding scheduling Ms. Lukacs' deposition, he would have to make an appropriate application to the Court; and Plaintiff further arguing that as of the filing of the instant Motion on February 19, 2008, Mr. Stathis had made no attempt to reschedule Ms. Lukacs' deposition; and Plaintiff further arguing that based upon the foregoing, this Court should order Ms. Lukacs to appear for her deposition on March 26, 2008 and that Plaintiff be awarded the attorneys' fees incurred as a result of this Motion; and Defendants having filed no opposition to Plaintiff's Motion; and Mr. Stathis also having not moved to intervene to quash or modify the subpoena at issue or oppose the instant Motion; and the Court finding that the scope of discovery in a civil matter is quite broad (see FED. R. CIV. P. 26(b)); the Court further finding that it has "broad discretion when deciding discovery motions" (*Richards v. Johnson & Johnson, Inc.*, Civ. Action No. 05-3663 (KSH), 2007 WL 2123697, at *1 (D.N.J. July 20, 2007)); and the Court

further finding that pursuant to FED. R. CIV. P. 45(e), "[f]ailure by any person without adequate cause to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued"; and the Court further finding that here no showing has been made that the subpoena served upon Ms. Lukacs should be quashed or otherwise modified; and the Court further finding that while the Court is troubled by Mr. Stathias' failure to arrange for his client's deposition, it does not believe that a finding of contempt is yet warranted; and the Court further finding that Ms. Lukacs shall be given one final opportunity to comply with the subpoena with which she was served; and the Court further finding that whether sanctions, including the award of attorneys' fees, are imposed is a matter left to the Court's sound discretion (*see, e.g., PMH Mortg. Corp. v. Hutchinson*, Civil No. 05-1429 (JBS), 2007 WL 4440941, at *2 (D.N.J. Dec. 17, 2007); *Pinnacle Choice Inc. v. Silverstein*, Civil Action No. 07-1379 (DMC), 2007 WL 2212861, at *5 (D.N.J. July 31, 2007); *Ford v. Temple Hosp.*, 790 F.2d 342, 346-47 (3d Cir. 1986)); and the Court further finding that while Plaintiff fails to cite the applicable law relied upon in seeking attorneys' fees, potentially applicable provisions include 28 U.S.C.A. § 1927 (which allows attorneys' fees to be awarded where an individual has vexatiously and unreasonably multiplied the proceedings in a matter) and/or FED. R. CIV. P. 30(d)(2) (which allows attorneys' fees to be awarded where an individual has impeded, delayed or engaged in other conduct that frustrated the fair examination of the deponent); and the Court further finding that at this juncture, it will not exercise its discretion to award attorneys' fees; and the Court having considered this matter pursuant to FED. R. CIV. P. 78, and for good cause shown,

    IT IS on this 7th day of March, 2008,

    ORDERED that Plaintiff's Motion to Enforce the Subpoena served upon Ms. Lukacs is

GRANTED; and it is further

ORDERED that Ms. Lukacs shall appear at the offices of John T. Ambrosio, Esq., at **10:00 A.M. on Wednesday, March 26, 2008** for her deposition; and it is further

ORDERED that no adjournment request for Ms. Lukacs' deposition shall be considered unless it is (1) made with Plaintiff's consent **and** (2) contains a proposed mutually accepted date and time on which Ms. Lukacs' deposition shall be rescheduled; and it is further

ORDERED that Plaintiff's Motion for Contempt is DENIED; and it is further

ORDERED that Plaintiff's Motion for Attorneys' Fees is DENIED; and it is further

ORDERED that failure of Ms. Lukacs to abide by this Order may result in the imposition of sanctions, including but not limited to a finding of contempt; and it is further

ORDERED that Plaintiff shall serve a copy of this Order on Mr. Stathias forthwith in any manner showing proof of service; and it is further

ORDERED that Plaintiff shall alert this Court immediately in writing by sending a facsimile to Chambers at the following number once Ms. Lukacs' deposition has been completed: 609-989-0435; and it is further

ORDERED that in the event Ms. Lukacs fails to comply with this Order, Plaintiff shall immediately notify this Court in writing of said failure by sending a facsimile to the aforementioned number; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 14] accordingly.

s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**