**AMBROSIO & ASSOCIATES, L.L.C.**
317 Belleville Avenue
Bloomfield, New Jersey 07003
Tel: (973) 748-7474
Fax: (973) 748-0765
Attorneys for Plaintiff
Thomas O. Swangin, Jr.



RECEIVED
MAR 1 8 2008
AT 8:30
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## FOR THE DISTIRCT OF NEW JERSEY

| | |
|---|---|
| THOMAS O. SWANGIN, JR., <br><br> Plaintiff, <br><br> v. <br><br> PUBLIC SCHOOLS OF EDISON TOWNSHIP, SUPERINTENDENT CAROL TOTH, ASSISTANT SUPERINTENDENT DR. MARYANN BANKS, ASSISTANT SUPERINTENDENT DR. ROSE TRAFICANTE, PRINCIPAL ROSEMARY SCHUTZ, BUSINESS MANAGER DANIEL P. MICHAUD and JOHN does 1-10 AND JANE DOES 1-10, <br><br> Defendants. | Civil Action No. 07-1809 (GEB) <br><br><br> **PROTECTIVE ORDER** |

This matter having been submitted to the Court on the application of the plaintiff for a court order compelling defendants to release certain documents relating to minor student(s), and for good cause thus shown, the Court having granted the application of the plaintiff and so ordered defendants to produce the documents in their possession subject to this Discovery

Confidentiality and Protective Order, and the parties having stipulated and agreed to the matters contained in this Order, it is hereby

STIPULATED AND ORDERED as follows:

1. For the purposes of this Discovery Confidentiality and Protective Order, "Confidential Information" means any information which is designated as "Confidential" by the parties, whether it be a document or information contained in a document. The parties shall designate information as "Confidential" only upon the good faith belief that the information is at least arguably subject to protection. Cf. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1127 n.17 (3d Cir. 1986).

2. "Confidential Information" shall, without the necessity of further designation, remain confidential and shall not be disclosed in any fashion, nor be used for any purpose other than the preparation for and trial of this action as provided for herein.

3. "Qualified Person" shall mean and refer to (i) the parties to this action including employees; (ii) counsel for the parties to this litigation, including office associates, paralegals, and clerical employees; and (iii) witnesses, experts, consultants and other persons consulted or retained in connection with this litigation and who have agreed to be bound by the terms of this Discovery Confidentiality and Protective Order. "Qualified Person" shall also include the Court, representatives and employees of the Court, and the jury on such terms as the Court in its discretion may deem appropriate.

2

4. Prior to being permitted access to "Confidential Information" subject to this Discovery Confidentiality and Protective Order, a "Qualified Person" shall sign a Certification in the form attached hereto as Exhibit "A" stating that he/she has read and understands the terms of this Discovery Confidentiality and Protective Order and that he/she will abide by them. The original of each such certification shall be retained by Counsel of record for the party permitting the disclosure until the litigation is completed.

5. "Confidential Information" shall be retained by counsel and shall not be disclosed or made available to any person except a "Qualified Person." Said "Confidential Information" shall not be used by any "Qualified Person," except solely for the purposes of litigation in this action and shall not be used for any other purposes whatsoever. The substance or content of "Confidential Information," as well as copies, summaries, notes and memoranda relating thereto, shall not be disclosed to anyone other than a "Qualified Person." If "Confidential Information" or summaries thereof have been entered into a computerized database only "Qualified Persons" shall have access to the database.

6. Each "Qualified Person" agrees to submit to the jurisdiction of this Court for the purpose of enforcement of this Discovery Confidentiality Order, either prior to or following the completion of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Discovery Confidentiality and Protective Order to apply to the Court at any time for such direction or further

decree as may be appropriate for the construction or enforcement of this Discovery Confidentiality and Protective Order.

7. Challenges to Designation — Pursuant to *Cipollone v. Liggett Group*, 785 F.2d 1108, 1122 (3d Cir. 1986), this Discovery Confidentiality and Protective Order initially protects from disclosure all documents that the producing party designates in good faith as "Confidential." Upon delivery of any document or other information so designated, another party may, within ninety days of delivery of the document or other information, send a letter to the producing party challenging any such designations by indicating by bates number range(s) or other sufficient identifying information precisely which document(s) the challenging party asserts are not in fact "confidential." The parties shall confer in a good faith attempt to informally resolve the dispute. If such attempt is unsuccessful, the designating party shall by informal letter to the Court move for a protective order regarding any designation(s) in question (the "Motion Letter"), enclosing, where appropriate, the documents challenged for *in camera* review. The opposing party may trigger a time period in which a Motion Letter must be sent by sending a certified letter to the designating party stating that, in the opposing party's opinion, an impasse regarding designations has been reached (an "Impasse Letter"). Within thirty days after receipt by the designating party of an Impasse Letter, the designating party must transmit the Motion Letter to the Court. The documents challenged hereunder retain their status as "Confidential Information" hereunder unless and until the Court orders that they be released from such status.

4

8. If, at the time of trial, counsel for any of the parties attempts to introduce into evidence or use in cross-examination any "Confidential Information," whether as part of a document or deposition testimony or otherwise, counsel for any other party may request the Court to preserve the confidentiality of the "Confidential Information" to the extent and by means the Court deems necessary and appropriate, *pursuant to Loc Civ R 5.3* and any party may oppose such a request.

9. Upon the final conclusion (including any appeals) of this action, all parties and "Qualified Persons" and their counsel shall, within ninety (90) days of the conclusion of this action either (i) return all "Confidential Information" (and all copies thereof) to the producing party (shipping costs to be borne by the producing party), or (ii) provide a certification that all "Confidential Information" (and all copies thereof) produced by the producing party have been fully destroyed along with the date of destruction.

SO ORDERED on this _17_ day of ~~January~~ *March*, 2008.

Hon. Tonianne J. Bongiovanni, U.S.M.J.

SUBMITTED BY CONSENT OF COUNSEL:

Ambrosio & Associates, L.L.C.  
Attorneys for Plaintiff

Wolff, Helies, Duggan, Spaeth & Lucas, P.A.  
Attorneys for Defendants

5

By: _____
John T. Ambrosio
Dated: ~~January~~ March 14, 2008

By: _____
David Lucas
Dated: ~~January~~ March 14, 2008

## Exhibit A

### Certification

I, _____, understand that information and/or documents which are disclosed to me by counsel of record for _____, which are designated as "Confidential" are CONFIDENTIAL and to be used by me solely to assist in the matter of <u>Swangin v. Public Schools of Edison, et al.</u>, Civil Action No. ( ) pending in the United States District Court for the District of New Jersey. I further understand that a Discovery Confidentiality and Protective Order entered by the Court, a copy of which has been given to me, prohibits me from either using such information or documents for any other purpose or disclosing such information or documents to any person other than counsel of record or persons assisting them. In accepting disclosure, I agree to be bound by the Discovery Confidentiality and Protective Order and to be subject to the jurisdiction of the United States District Court for the District of New Jersey for the purpose of its enforcement and the enforcement of my obligations under this Certification.

_____
Signed by Recipient

Dated: